IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **SAMUEL BECKHAM**, <br><br> Plaintiff, <br><br> vs. <br><br> **DONNA HOWARD; KIM PIPPIN, and TIM LEDBETTER** , <br><br> Defendant | Case No.:  5:13-CV-450 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff SAMUEL BECKHAM ("Plaintiff"), brings this action under 42 U.S.C. § 1983 for false arrest and under Georgia law for false arrest and false imprisonment and shows this Court the following:

### JURISDICTION AND VENUE

1.

This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§ 1331, 1343 and 1367.

2.

Venue properly lies in the United States District Court for the Middle District of Georgia, Macon Division, pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claim occurred in the district, at least one defendant resides in the district, and all defendants are residents of the State of Georgia.

3.

Defendant Donna Howard (Defendant Howard) resides in Upson County, Georgia, which is within the Macon Division of the Middle District of Georgia, and is employed by United Bank of Thomaston, Georgia.

4.

Defendant Kim Pippin (Defendant Pippin) resides in Spalding County, Georgia, and is employed by United Bank of Thomaston, Georgia.

4.

Defendant Tim Ledbetter resides in the Middle District of Georgia, and is employed by the Police Department of the City of Thomaston.

**FACTUAL ALLEGATIONS**

5.

Plaintiff is an African-American male who maintained an account at The United Bank in Thomaston, Georgia. Plaintiff was a regular patron of United Bank, and he was or should have been familiar to the tellers, including Defendant Howard.

6.

On October 24, 2011, at 13:13:24, Mr. Beckham utilized the drive up window at United Bank, 215 North Center Street, Thomaston, Georgia, to cash his State of Georgia Department of Labor unemployment check in the amount of $272.00. The transaction was completed with teller number 1105, and United Bank recorded this as transaction number 174.

7.

On October 24, 2011, at 13:24:23, an individual cashed a City of Thomaston check in the amount of $158.30 made payable to Nanette Petty. The transaction was completed with teller number 1105, and United Bank recorded this as transaction number 179.

8.

On or about November 21, 2011, a citizen identified as Nanette Petty reported to the Thomaston Police Department that, without her permission, someone had cashed a City of Thomaston refund check at United Bank, Thomaston, Georgia, and that she was the payee on the check.

9.

On November 29, 2011, Investigator Tim Ledbetter contacted Donna Howard at United Bank regarding Ms. Petty's refund check.

10.

Defendant Donna Howard advised Defendant Ledbetter that she had a picture of the subjects who cashed the refund check at the drive through window, and she provided a copy of the photograph to Defendant Ledbetter.

10.

Due to the poor quality of the photograph provided by Defendant Howard, Defendant Ledbetter called Defendant Pippin, an employee who worked in security with United Bank, and asked her to email him a photograph of transaction 179 with teller 1105 on October 24, 2011.

3

11.

In response to Defendant Ledbetter's request for photographs of the individual or individuals who conducted transaction 179 with teller 1105 at 13:24:23 on October 24, 2011, Defendant Pippin sent Defendant Ledbetter three photographs.

12.

At the time Defendants Howard and Pippin provided the photographs to Defendant Ledbetter, they knew that the time stamp on the photographs did not match the time stamp for transaction 179, which occurred on October 24, 2011 at 13:24:23.

13.

Defendants Howard and Pippin identified the individuals in the photographs as the ones who cashed Ms. Petty's check on October 24, 2011, knowing that the time stamp on the photographs did not match the time stamp for transaction 179, which occurred on October 24, 2011 at 13:24:23.

14.

On December 1, 2011 Thomaston Police Department Investigator Tim Ledbetter arrived at Mr. Beckham's residence and told Mr. Beckham and his friend, Ms. Skelton, that they needed to come to the police department.

15.

At the police department, Inv. Ledbetter began questioning Mr. Beckham about Ms. Petty's City of Thomaston check, and he falsely told Mr. Beckham that the time stamp on transaction 179 matched the time stamps on the photographs of him cashing a check.

4

16.

Mr. Beckham told Defendant Ledbetter that he did not cash the City of Thomaston check, and he explained that he had cashed his unemployment check at the bank on that date.

17.

Mr. Beckham offered to provide paperwork to Defendant Ledbetter showing that he had cashed his unemployment check at United Bank on the day of October 24, 2012.  Defendant Ledbetter told him that he get it when he bailed out of jail.

18.

On December 1, 2011, Defendant Ledbetter arrested Mr. Beckham for forgery in the first degree, based on the false information provided to him by Defendants Pippin and Howard, knowing that the information was false.  His bond was set at $5,000.00.  Inv. Ledbetter had no evidence that Mr. Beckham had cashed the forged check.  Inv. Ledbetter knew that none of the timestamps on the pictures of Mr. Beckham matched the timestamp on the back of the forged check, yet he arrested Mr. Beckham anyway.  Inv. Ledbetter had no probable cause to arrest Mr. Beckham.

19.

Mr. Beckham incurred special damages in an amount not exceeding $500.00 due to his posting bond on the unlawful charge against him.

20.

Mr. Beckham was released on bond on December 1, 2011.  At 8:19 am on December 2, 2011, Mr. Beckham obtained records from the Department of Labor

showing unemployment checks he received in September and October of 2011, and the dates on which those checks were cashed. Mr. Beckham promptly provided this information to Defendant Ledbetter records from the Department of Labor showing that he cashed his unemployment check on October 24, 2011.

21.

Defendant Ledbetter noted in his supplemental report dated December 2, 2011 that Mr. Beckham provided him with payment certification for his unemployment checks. Defendant Ledbetter falsely stated in his supplemental report that Mr. Beckham had not provided him with payment certification from the month of October 2011, when in truth and fact Defendant Ledbetter placed in his case file a copy of the payment certification provided to him by Mr. Beckham reflecting payment for October 2011, and specifically showing that Mr. Beckham's unemployment check was cashed on October 24, 2011.

22.

On information and belief, subsequent to receipt of the Department of Labor records from Mr. Beckham, Defendant Ledbetter contacted Defendant Howard or Defendant Pippin to inquire if the time stamps were correct on the photographs they had provided to Defendant Ledbetter on November 30, 2011.

23.

On December 2, 2011, at 9:59 am, Defendant Howard sent a text to Defendant Ledbetter stating "Wee found his check he did cash here. Looks like camera time and transaction is off by 10 minutes.. He did not cash the stolen check."

24.

Defendant Ledbetter waited until December 8, 2011 to contact the District Attorney's office and request that the charges against Mr. Beckham be dismissed.

25.

On December 19, 2011 the District Attorney's office dismissed the charges against Mr. Beckham.

26.

Inv. Ledbetter, Ms. Howard and Ms. Pippin all knew when they accused Mr. Beckham of cashing the forged check that they did not have a video timestamp that matched the timestamp on the check.  Despite the complete lack of evidence to show that Mr. Beckham had anything to do with the forged check, Ms. Howard and Ms. Pippin worked with Inv. Ledbetter to cause Mr. Beckham's false arrest.

**COUNT ONE**
**UNREASONABLE SEARCH AND SEIZURE**

27.

Mr. Beckham reasserts the allegations set forth in numbered paragraphs 1 through 26 of this Complaint.

28.

Defendant Ledbetter arrested Mr. Beckham without probable cause, in violation of Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures, as that right is applied to the states by the Fourteenth Amendment to the United States Constitution.

29.

As a direct and proximate result of Defendant Ledbetter's actions, Mr. Beckham has suffered and continues to suffer mental injuries, including humiliation, embarrassment, distress and mental anguish.

30.

Defendant Ledbetter acted with malice or with serious disregard for the consequences of their actions, thereby entitling Plaintiff to punitive damages.

**COUNT TWO**
**FALSE IMPRISONMENT and FALSE ARREST**

31.

Plaintiff realleges and incorporates by reference paragraphs 1 through 30 above, as if set forth fully herein.

32.

At all times relevant to this Complaint, Defendants Howard and Pippin through their actions falsely imprisoned Mr. Beckham.

33.

As a direct and proximate result of the actions of Defendants Pippin and Howard, Plaintiff has suffered and continues to suffer mental injuries, including humiliation, embarrassment, distress and mental anguish.

## COUNT THREE
### PUNITIVE DAMAGES

34.

Plaintiff realleges and incorporates by reference paragraphs 1 through 33 above, as if set forth fully herein.

35.

Defendants' actions showed willful misconduct, malice, wantonness, oppression, or that entire want of care, which would raise the presumption of conscious indifference to consequences.  Defendants acted with wanton disregard of the rights of Plaintiff, thereby entitling Plaintiff to exemplary damages pursuant to O.C.G.A. § 51-12-5.1.

## COUNT FOUR
### ATTORNEYS FEES

36.

Mr. Beckham realleges and incorporates by reference paragraphs 1 through 35 above, as if set forth fully herein.

37.

Defendants Howard and Pippin have engaged in bad faith, thereby entitling Plaintiff to expenses of litigation pursuant to O.C.G.A. § 13-6-11.

**PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff prays for the following:

(A)   That Plaintiff be awarded nominal, compensatory, and special damages

against Defendants in an amount to be determined by the jury;

(B)  That Plaintiff be awarded punitive damages against Defendant Ledbetter for his reckless disregard of Plaintiff's federally protected rights;

(C)  That Plaintiff be awarded punitive or exemplary damages against Defendants Howard and Pippin on Count III and IV;

(D)  That Plaintiff be awarded his costs and expenses of this action and attorney's fees as authorized by 42 U.S.C. §1988 and O.C.G.A. § 13-6-11;

(E)  That Plaintiff have a trial by jury on all issues so triable; and

(F)  That Plaintiff have such other relief as this Court deems just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY OF ALL ISSUES SO TRIABLE.

This November 26, 2013.

/s Charles E. Cox, Jr.
Ga. Bar No. 192305
**Attorney for Plaintiff**
Charles E. Cox, Jr., LLC
Post Office Box 67
Macon, Georgia 31202-0067
Telephone:   (478) 757-2990
Facsimile:   (478) 757-2991
E-mail:   Charles@cecoxjr.com